IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE GUTIERREZ,

    Plaintiff,

vs.                                                                                                                     Civ. No. 01-1229 JP/RLP

ANTHONY J. PRINCIPI, Secretary,
Department of Veterans Affairs,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 14, 2002, the Court entered an Order (Doc. No. 8) which denied the Plaintiff's Motion for Default Judgment (Doc. No. 6) and gave the Plaintiff until September 16, 2002 to effect proper service on the Defendant. To effect proper service on the Defendant, the Plaintiff is required under Fed. R. Civ. P. 4(i)(1) to deliver a copy of the summons and complaint to "the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney;" to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and to send a copy of the summons and the complaint by registered or certified mail to the federal officer or agency. On September 12, 2002, the Plaintiff sent by certified mail a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C. and to the Secretary of Veterans Affairs in Washington, D.C. The Plaintiff has not yet received the return receipts from those two mailings. The Plaintiff also attempted on September 12, 2002 to serve by certified mail a copy of the summons and complaint on the United States attorney. The Plaintiff, however, mailed the copy of the summons and complaint

to the wrong United States attorney. On October 1, 2002, the Plaintiff effected service on the proper United States attorney.

On September 23, 2002, the Defendant filed a Motion to Dismiss (Doc. No. 10). The Defendant argues that a dismissal of the case without prejudice is warranted because the Plaintiff failed to serve the summons and complaint within 120 days of the filing of the complaint as required by Rule 4(m)[1], the service of process under Rule 4(i) was insufficient, and the Plaintiff failed to comply with the Court's August 14, 2002 Order. On October 10, 2002, the Plaintiff filed Plaintiff's Motion for Request for Extension of Time to Make Proof of Service (Doc. No. 14). Having reviewed the briefs and relevant law, the Court determines that it will defer ruling on the Defendant's Motion to Dismiss and will grant the Plaintiff's motion for extension of time. This is the second and last extension of time the Court will grant the Plaintiff to effect service on the Defendant. Failure to comply with this last extension of time will result in the Court granting the Defendant's Motion to Dismiss and dismissing this case without prejudice.

Discussion

The Plaintiff argues that he complied with the August 14, 2002 Order by sending via certified mail copies of the summons and complaint to the Attorney General of the United States, the Secretary of Veterans Affairs, and the United States attorney, albeit the incorrect United States attorney, before September 16, 2002. The Plaintiff cites to Fed. R.Civ. P. 5(b)(2)(B) to

---

[1]Rule 4(m) states: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

support his argument that the service of process was completed when the copies of the summons and complaint were mailed on September 12, 2002.

The Plaintiff's argument is without merit for two reasons.  First, "[s]ervice by mail of a summons and complaint is effective upon receipt, not upon mailing." *Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992)(citations omitted).  Rule 5(b)'s provision that service by mail is completed upon mailing does not apply to the service of a summons and complaint under Rule 4. *Id.*  Second, the United States attorney was not properly served until October 1, 2002, well after the September 16, 2002 deadline for service of process.  The Plaintiff clearly has failed to comply with the August 14, 2002 Order by not completely effecting service of process on the Defendant.

To decide whether to dismiss a case without prejudice for improper service or to allow the plaintiff another chance to effect service, the Court engages in a two-pronged inquiry.

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service....  If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000)(quoting *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).  In this case, the Plaintiff's failure to effect proper service on the Defendant is based on either negligence, inadvertence, or ignorance of the rules for effecting proper service.  Negligence, inadvertence, and ignorance of the rules, however, do not constitute good cause for failing to effect proper service.  *Lopez v. United States*, 129 F.Supp.2d 1284, 1295 (D.N.M. 2000)(citing *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996); *Cox v. Sandia Corp*. 941 F.2d 1124, 1125-26 (10th Cir. 1991)).  Moreover, the fact that the Defendant had

actual notice of the lawsuit and has not suffered any prejudice from an improper service of process, does not constitute good cause. *Id.* (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438-39 (10th Cir. 1994)). The Court concludes that the Plaintiff has failed to demonstrate good cause for his failure to effect complete service on the Defendant. The Court, therefore, cannot grant the Plaintiff a mandatory extension of time to serve the Defendant. Nonetheless, the Court will in its discretion allow the Plaintiff one last extension of time to effect complete service on the Defendant. Failure to effect complete service on the Defendant as ordered by this Memorandum Opinion and Order will result in a dismissal without prejudice.

IT IS ORDERED that:

1. a ruling on the Defendant's Motion to Dismiss (Doc. No. 10) is deferred;

2. Plaintiff's Motion for Request for Extension of Time to Make Proof of Service (Doc. No. 14) is granted;

3. the Plaintiff must, in accordance with the Federal Rules of Civil Procedure, file of record evidence of proper service on the Defendant no later than January 3, 2002;

4. Plaintiff's failure to comply with the above January 3, 2002 deadline will result in the Court granting the Defendant's Motion to Dismiss (Doc. No.10) and dismissing this case without prejudice; and

5. the Court will not grant the Plaintiff any additional extensions of time to serve the Defendant.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4